# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO OTERO & <br> MELINDA SANTIAGO-OTERO, | : <br> : <br> : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : <br> : | NO. 10-7163 |
| GLAXOSMITHKLINE, PLC, et al., | : <br> : | |
| Defendants. | : | |

## MEMORANDUM & ORDER REGARDING MOTION TO REMAND

Plaintiffs Antonio Otero and Melinda Santiago-Otero ("Plaintiffs") filed a Complaint in the Philadelphia County Court of Common Pleas against GlaxoSmithKline, PLC, GlaxoSmithKline LLC ("GSK"), and several other entities alleging a claim for wrongful death. In their Complaint, Plaintiffs identify themselves as residents of Indiana. (Compl. ¶ 1, Not. of Removal, ECF No. 1 Ex. A.) Plaintiffs allege that GlaxoSmithKline, PLC and GSK have their principal places of business in Pennsylvania. (Id. ¶¶ 4-6.)

GSK removed the matter to this Court on the basis of diversity jurisdiction on December 9, 2010. (Not. of Removal, ECF No. 1.) GSK filed a Motion to Dismiss on December 16, 2010 (Mot. to Dismiss, ECF No. 4), but Plaintiffs then timely moved for remand on January 10, 2011 (Mot. to Remand, ECF No. 6). GSK filed a timely response. (Resp., ECF No. 8.)

**I.    Motion to Remand**

In their Motion, Plaintiffs ignore their own allegation in the Complaint that they are citizens of Indiana and assume, mistakenly or otherwise, that they are citizens of Pennsylvania. Operating from this assumption, Plaintiffs argue that GSK is a Pennsylvania citizen and,

-1-

therefore, the parties are not completely diverse. (See Mot. to Remand at 3, 12-13, 20, 22-23.) GSK responds that it is a Delaware citizen, not a Pennsylvania citizen and, consequently, removal was appropriate. Thus, the parties concern themselves solely with the citizenship of GSK. There is no dispute the amount-in-controversy exceeds $75,000.

The Court is aware that Judge Savage recently issued an opinion, after extensive discovery, concluding that GSK is a Pennsylvania citizen. See Brewer v. SmithKline Beacham Corp., __ F. Supp. 2d __, No. 10-4443, 2011 WL 1103627, at *1 (E.D. Pa. Mar. 24, 2011). But regardless of whether GSK is a Pennsylvania or Delaware citizen, Plaintiffs' argument in their Motion to Remand is fundamentally mistaken by assuming they are citizens of Pennsylvania. Plaintiffs are citizens of Indiana and, therefore, complete diversity exists. (Compl. ¶ 1); see Grand Union Supermarkets of V.I. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003) (stating diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants"). Indeed, in their Motion to Remand, there is no specific mention of Plaintiffs' citizenship and Plaintiffs opted to forego filing a reply brief.

## II. Forum Defendant Rule

Presumably, Plaintiffs intended to argue that GSK is a Pennsylvania citizen and, therefore, cannot remove the matter from state court under 28 U.S.C. § 1441(b). Termed the "forum defendant rule, " the penultimate sentence of § 1441(b) provides that an action is only removable "if none of the parties in interest properly served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). But Plaintiffs never make this argument in their Motion to Remand. They never cite § 1441(b), they never argue the forum defendant

rule, and they never argue GSK cannot remove this matter for any reason other than lack of complete diversity.

Unlike the plaintiffs in the consolidated cases before Judge Savage, Plaintiffs in this case do not object to GSK's removal based on the forum defendant rule. See Brewer, 2011 WL 1103627, at *1 (acknowledging that "[w]ithout any further argument, [the plaintiffs] also cite 28 U.S.C. § 1441(b) as a ground for remand").

Plaintiffs' failure to raise the forum defendant rule in this case is fatal to their Motion to Remand because the forum defendant rule is procedural, and any defect must be cured within thirty (30) days of the notice of removal. See Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995); see also 28 U.S.C. § 1447(c) (establishing thirty-day deadline for curing procedural deficiencies of removal). Failure to cure the defect within the thirty-day period waives the argument. Korea Exch. Bank, 66 F.3d at 51. Further, the Court is powerless to cure the deficiency sua sponte after the thirty-day period has expired. Id. at 51; see In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000).

Moreover, several courts conclude that, even if a plaintiff files a timely motion to remand and a procedural defect occurs, the failure to cure the defect within the initial thirty days precludes remand. See, e.g., N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995); St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc., No. 10-968, 2011 WL 915300, at *15 (D. Del. Mar. 15, 2011); Concorde Fin. Corp. v. Value Line, Inc., No. 03-8020, 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11, 2004); Foulke v. Dugan, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001) (Brody, J.) (citing Denman v. Snapper Div., 131 F.3d 546, 548 (5th Cir. 1998)). Contra Tenn. Gas Pipeline Co. v. Cont'l Cas. Co., 814 F.

Supp. 1302, 1311 (M.D. La. 1993) (suggesting plaintiff is entitled to amend or supplement a timely filed and pending remand motion). And unlike the motion to remand in St. Joe Co., there is nothing in Plaintiffs' Motion to Remand to suggest they intended to raise the forum defendant rule. See 2011 WL 915300, at *15 (asserting that plaintiff cited § 1441(b) and "clearly stated that three of the four Defendants are forum citizens"). Plaintiffs do not cite § 1441(b) nor do they make any mention of the forum defendant rule. Instead, Plaintiffs consistently argue lack of complete diversity. (See Mot. to Remand at 3, 12-13, 20, 22-23.) But diversity is complete because regardless of whether GSK is a Pennsylvania or Delaware citizen, Plaintiffs are Indiana citizens.

The fact that GSK acknowledges the forum defendant rule in its Notice of Removal and Response Memorandum does not change the Court's conclusion that Plaintiffs' failure to cure this procedural defect within thirty days of removal is fatal to Plaintiffs' Motion to Remand. (See Not. of Removal ¶ 6; Resp. Memo. at 2, 24.)

## III. Conclusion and Order

After a careful review of Plaintiffs' Motion to Remand, GSK's Response, and the record, the Court concludes that by failing to cure the procedural defect within thirty days of removal, Plaintiffs have waived this ground for seeking remand. Further, the thirty-day period having expired, the Court is without authority to cure the defect <u>sua sponte</u>. For the foregoing reasons, and because complete diversity exists, it is hereby ORDERED as follows:

1. Plaintiffs' Motion to Remand (ECF No. 6) is DENIED.

2. Plaintiffs shall have fourteen (14) days from the date of this Order to respond to GSK's Motion to Dismiss. GSK shall then have seven (7) days from the filing of Plaintiffs' response to submit a reply.

BY THE COURT:

Date: 4/7/11

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Todd\10-7163 Otero v. GSK et al\Otero - Memo and Order re Motion to Remand - draft 4.wpd